MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hoang Thanh Chau, | No. CV-26-03050-PHX-DJH (JZB) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| Luis Rosa, Jr., | |
| Respondent. | |

Self-represented Petitioner Hoang Thanh Chau filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention and a Motion for Appointment of Counsel (Doc. 2).  The Court will deny without prejudice the Motion for Appointment of Counsel, order Respondent to answer Grounds One and Two of the Petition, and dismiss without prejudice Ground Three.

**I.      Petition**

Petitioner alleges he was detained by Immigration and Customs Enforcement (ICE) in 2002 and, after a short period of detention, was released on supervision pending his immigration proceedings.  Petitioner alleges that he was re-detained on February 13, 2026, without a pre-deprivation hearing, notice, or an explanation.

In Ground One, Petitioner alleges his re-detention without a pre-deprivation hearing violates the Fifth Amendment's Due Process Clause.  In Ground Two, he claims his re-detention violates the Administrative Procedure Act and the Fifth Amendment because ICE violated its own rules and procedures.  In Ground Three, Petitioner asserts he

is being subjected to unconstitutional conditions of detention.  He seeks release from custody.

## II.    Discussion

### A.    Ground Three

The Court will dismiss Ground Three because this claim arises, if at all, under civil rights law, not habeas corpus law.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).

### B.    Grounds One and Two

Respondents must show cause why Grounds One and Two should not be granted.[1] Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

## III.    Motion for Appointment of Counsel

Petitioner seeks the appointment of counsel pursuant to 18 U.S.C. § 3006A.  He alleges he is an immigration detainee in a private facility, the resources at the facility are limited, he is unfamiliar with legal procedures, and he would have difficulty presenting his case without the assistance of counsel because he is detained and this case involves complex questions of law.

. . . .

---

[1] Numerous courts have concluded individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. *See*, *e.g.*, *J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

The Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).   Petitioner, who is in no different position than many self-represented detainees, has not made the necessary showing for appointment of counsel at this time.   Therefore, the Court will deny without prejudice the Motion for Appointment of Counsel.

**IV.   Warnings**

**A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.   Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**IT IS ORDERED:**

(1)    Petitioner's Motion for Appointment of Counsel (Doc. 2) is **denied without prejudice**.

(2)    Ground Three is **dismissed without prejudice**.

(3)    The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order on the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)    Respondent must show cause no later than **May 12, 2026**, why Grounds One and Two of the Petition should not be granted.

(6)    Petitioner may file a reply no later than **May 19, 2026**.

Dated this 5th day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 4 -