**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Hoang Thanh Chau,

Petitioner,

v.

Luis Rosa, Jr.

Respondent.

No. CV-26-03050-PHX-DJH (JZB)

**ORDER**

On May 1, 2026, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 seeking, in part, release from immigration detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1). On May 5, 2026, the Court ordered Respondent to show cause for why the Petition should not be granted, and Respondent responded in opposition to the Petition on May 12, 2026. (Docs. 4, 7). On August 12, 2026, the Court directed Respondent to file an update on their efforts to effectuate Petitioner's removal. (Doc. 13). Respondent filed the status report on August 19, 2026, and Petitioner filed a Reply on September 3, 2026. (Docs. 14, 15).

Upon consideration of the filings, the Court now grants the Petition and orders that Petitioner be immediately released from custody.

## I. Background

Petitioner is a native of Vietnam was entered the United States as a lawful permanent resident in 1991. (Doc. 7-1 at 1). On March 3, 2026, he was ordered removed from the United States to Vietnam after a criminal conviction. (Doc. 7-2). At the time of

Respondent's Response, Petitioner was still within the 90-day mandatory detention period. 8 U.S.C. § 1231(a). In the August 19, 2026 Status Report, Respondent indicated that on "May 6, 2026, ICE submitted [a travel document] request to the Headquarters Removal and Internation Operations (HQ-RIO)." (Doc. 14-1 ¶ 42). Local ICE has requested status updates from HQ-RIO on multiple occasions, but has either received no response or only "an automated response stating that HQ is actively working on this case." (*Id.* ¶¶ 43-46). As of the date of this Order, Petitioner remains in immigration detention.

## II. Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than six-months after an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.[1]

---

[1] Although Respondent cites to *Demore v. Kim*, U.S. 510, 527-28 (2003), for the proposition that to satisfy *Zadvydas* removal must be "no longer practically attainable,"

**III. Discussion**

Petitioner's removal order became final more than six months ago, and he has now been detained beyond the "presumptively reasonable" period identified in *Zadvydas*. Therefore, to be entitled to relief, he need only present good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and, if he does so, the government must respond with evidence sufficient to rebut that showing.

Upon review of the record, the Court concludes that Petitioner has satisfied his burden. Petitioner argues that despite being detained for more than nine months, there is no evidence that Respondents have even submitted a travel document request to Vietnam, much less that one is forthcoming in the reasonably foreseeable future. (Doc. 15 at 2). The Court is inclined to agree. On this record, there is good reason to believe that there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future. The burden thus shifts to the government to rebut this showing.

The Court finds the government has failed to do so. As noted, the only effort to effectuate Petitioner's removal that the government identifies and provides evidence of is on May 6, 2026, a travel document request was submitted to HQ-RIO, and that despite

---

that is not the standard articulated in *Zadvydas*. As an initial matter, *Demore* did not address detention under § 1231(a)(6), but instead dealt with detention under a separate statute—8 U.S.C. § 1226(c)—not applicable here. Further, while *Demore* discussed *Zadvydas*, it explicitly made clear that "*Zadvydas* is materially different from the present case" for multiple reasons. *Id.* at 527. Reliance on truncated dicta from *Demore* ignores the Supreme Court's subsequent holding in *Clark v. Martinez*, 543 U.S. 371, 384 (2005), which both dealt with, as here, detention under § 1231(a)(6), and explicitly

> reject[ed] the Government's argument that, under *Zadvydas*, § 1231(a)(6) authorizes detention until it approaches constitutional limits. The Government provides no citation to support that description of the case—and none exists. *Zadvydas* did not hold that that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal. . . . In *Zadvydas*, it was the statute's text read in light of its purpose, not some implicit statutory command to avoid approaching constitutional limits, which produced the rule that the Secretary may detain aliens only for the period reasonably necessary to bring about their removal.

(cleaned up).

repeated follow-ups over the subsequent months, HQ-RIO has either not responded or responded only through automated messages that they are "working on this case." Doc. 14-1 ¶¶ 42-46). While Respondents indicate that ICE has "had no trouble removing other Vietnamese citizens or issues with the Vietnamese government" (Doc. 14 at 1), this is irrelevant to whether it is reasonably foreseeable that it will be able to remove *Petitioner* to Vietnam (as distinct from "Vietnamese citizens" more generally).

On this record, the Court finds both that Petitioner has shown "good reason" to believe that his removal to Vietnam is not significantly likely to occur in the reasonably foreseeable future, and that Respondents have failed to rebut that showing with sufficient evidence. Respondents have had nearly 15 years to effect Petitioner's removal but have been unable to do so. No evidence has been provided to support that removal is significantly likely to occur in the reasonably foreseeable future. Accordingly, the Court finds that Petitioner's continued detention is in violation of the Fifth Amendment, and will thus grant the Petition.

**IT IS THEREFORE ORDERED**:

(1) The Petition for Habeas Corpus (Doc. 1) is **granted**.

(2) Respondents must **IMMEDIATELY RELEASE** Petitioner from custody under any prior Court imposed conditions.

(3) Within **48 HOURS** of this Order, Respondents must file a Notice of Compliance.

(4) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 12th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge